FILED
11/22/2022
Phyllis D. Smith
CLERK
Fergus County District Court
STATE OF MONTANA
By: Emily Aznoe
DV-14-2022-0000108-BC
Perry, Heather
1.00

Andrew J. Miller
ODEGAARD MILLER LAW PC
550 North 30th Street, Suite 200
Billings, MT 59101
Tel:   (406) 222-2222
Fax:   (406) 259-3232
amiller@mtlawyers.com

*Attorneys for Plaintiff*

## MONTANA TENTH JUDICIAL DISTRICT COURT
## FERGUS COUNTY

| | |
|---|---|
| TINA LOPEZ, individually, and as Personal Representative of the Estate of Justin Lopez,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | Cause No.<br><br>Hon. Jon A. Oldenburg<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

COMES NOW Plaintiff, Tina Lopez ("Tina" or "Plaintiff"), individually and as the Personal Representative of the Estate of Justin Lopez, by and through her attorneys of record, Odegaard Miller Law PC, and hereby states, alleges and avers as follows:

### JURISDICTION AND VENUE

1. At all times relevant herein, Plaintiff is and was a citizen and resident of Lewistown, Fergus County, Montana.

2. At all times relevant herein, Justin Lopez ("Justin") was a citizen and resident of Lewistown, Fergus County, Montana. Justin died on or about May 14, 2022.

3. Tina is Justin's mother. Tina has been duly appointed as the personal representative of the Estate of Justin Lopez through *In the Matter of the Estate of Justin Lopez, deceased*, Cause No. DP-2022-26 (10th Jud. Dist. Ct.).

4. At all times relevant herein, Defendant State Farm Mutual Automobile Insurance Company ("State Farm") is an insurer authorized to do business, and doing business, in the State of Montana.

5. Jurisdiction and venue in this Court are proper.

## GENERAL ALLEGATIONS

6. Effective March 20, 2020, State Farm issued its Policy No. 082 4406-C20-26, a motor vehicle liability policy providing insurance coverage, including underinsured motorist ("UIM") coverage upon two separate vehicles, to Jeffrey and Tina Lopez, and additional "covered persons." (A true and correct copy of Policy No. 082 4406-C20-26 (Policy) is attached to this Complaint as **Exhibit 1**).

7. Pursuant to this insurance Policy, and in return for premiums timely paid, State Farm provided UIM coverage limits of $50,000 per person and $100,000 per occurrence upon two separate vehicles, subject to the following plain language that promised:

> *We* will pay compensatory damages for ***bodily injury*** an ***insured*** is legally entitled to recover from the owner or driver of an ***underinsured motor vehicle***. The ***bodily injury*** must be:
>
> 1. Sustained by an insured; and
>
> 2. Caused by an accident that involves the operation, maintenance, or use of an ***underinsured motor vehicle*** as a motor vehicle.

8. On May 14, 2022, while Policy No. 082 4406-C20-26 was in full force and effect, a licensed driver impaired by drugs and alcohol was traveling eastbound on

Wolverine Creek Road, Fergus County, Montana, when the vehicle swerved for unknown reasons and ran off the roadway to the left, striking Justin Lopez, deceased, who was walking along or in the ditch that ran alongside the roadway, resulting in catastrophic and fatal injuries to Mr. Lopez. Upon re-entering the roadway, the driver over-corrected causing the vehicle to rotate 180 degrees before coming to rest in the westbound ditch facing north. The driver fled the scene. Justin Lopez died as a result of the hit-and-run collision.

9. The driver who caused the accident that injured and killed Justin Lopez was an underinsured driver within the meaning of Montana law. Accordingly, Justin Lopez's mother, Tina Lopez, requested payment of all UIM benefits under the Policy, including payment of UIM benefits to Justin Lopez's estate, and survivorship benefits to Ms. Lopez

10. On October 14, 2022, Tina Lopez requested payment of an aggregate sum of $100,000, which sum comprised all available stackable UIM benefits under the Policy, alleging that there were two separate tort claims arising under Montana law that would trigger two separate "per person" limits under the UIM coverage of the Policy. Specifically, the two claims would be one for wrongful death and survivorship; and, the second would be an individual claim for Ms. Lopez's emotional distress resulting from Justin Lopez's death.

11. On October 26, 2022, State Farm denied Ms. Lopez's request for payment of an aggregate sum of all available stackable UIM benefits under the Policy.

12. In addition to wrongfully refusing to pay $100,000 in UIM benefits and asserting the stance that only $50,000 in UIM benefits was due, Defendant's conduct has caused Tina Lopez humiliation, embarrassment, fear, anger, disappointment and worry, aggravated her grief over the loss of her son, Justin, and required her to retain legal

counsel and undertake the obligation to incur attorney fees and costs simply in order to preserve her rights and obtain UIM benefits she is entitled to receive.

## COUNT I – DECLARATORY RELIEF

13. Plaintiff restates and re-alleges the previous allegations as though fully set forth herein.

14. This Complaint seeks declaratory relief pursuant to Mont. Code Ann. § 27-8-201, et seq., because an actual controversy exists and Plaintiff needs this Court's declaration of her rights, status and legal relationships with respect to Defendant, both individually and as Personal Representative of the Estate of Justin Lopez, deceased, pursuant to State Farm Policy 082 4406-C20-26.

15. State Farm has unlawfully refused to pay UIM benefits due to Plaintiff, both individually, and as Personal Representative of the Estate of Justin Lopez, without initiating any court action seeking a declaration of its rights and obligations with respect to Plaintiff under said Policy.

## COUNT II – BREACH OF CONTRACT

16. Plaintiff restates and re-alleges the previous allegations as though fully set forth herein.

17. Defendant has wrongfully refused to pay UIM benefits due to Plaintiff, both individually, and as Personal Representative of the Estate of Justin Lopez, causing Plaintiff detriment in an amount to be established at trial, including consequential and incidental harm and loss, attorney fees, costs and pre-judgment interest.

## COUNT III – UNFAIR TRADE PRACTICES

18. Plaintiff restates and re-alleges the previous allegations as though fully set forth herein.

19.    At all times relevant to this Complaint, State Farm had the duty to understand and apply the terms of its insurance policies in accordance with, and as required by, well-established principles applicable to the insurance industry. Specifically, State Farm knew it must pay policy benefits in accordance with the plain language and requirements of its insurance policies.

20.    State Farm also had a duty to handle claims arising under its UIM policies in accordance with the standards applicable to the insurance industry and made mandatory by Montana's Unfair Trade Practices Act, Mont. Code Ann. § 33-18-201, pursuant to which it is unlawful and a prohibited practice to:

(1)    misrepresent pertinent facts or insurance policy provisions relating to coverages at issue;

(2)    fail to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

(3)    fail to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

(4)    refuse to pay claims without conducting a reasonable investigation based upon all available information;

(5)    fail to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

(6)    neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

(7)  compel insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by the insureds;

(8)  attempt to settle a claim for less than the amount to which a reasonable person would have believed the person was entitled by reference to written or printed advertising material accompanying or made part of an application;

(9)  attempt to settle claims on the basis of an application that was altered without notice to or knowledge or consent of the insured;

(10)  make claims payments to insureds or beneficiaries not accompanied by statements setting forth the coverage under which the payments are being made;

(11)  make known to insureds or claimants a policy of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration;

(12)  delay the investigation or payment of claims by requiring an insured, claimant, or physician of either to submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information;

(13)  fail to promptly settle claims, if liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage; or

(14)  fail to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

21. State Farm has violated subparagraphs (1), (4), (5), (6), (9) and (13) of the Montana Unfair Trade Practices Act, Mont. Code Ann. § 33-18-201, causing Plaintiff to suffer injury, harm and loss, giving rise to a general tort action in favor of Plaintiff, pursuant to Mont. Code Ann. § 33-18-242.

22. State Farm's actions were and continue to be unlawful, intentional, purposeful and knowingly calculated to enhance its profit at Plaintiff's expense in conscious disregard of the certainty that Plaintiff would suffer injury as a result. This conduct on the part of Defendant clearly and convincingly demonstrates reprehensible conduct and justifies assessment of punitive damages against Defendant for the harm caused to Plaintiff in accordance with the strict procedural and substantive protections afforded by Montana law.

WHEREFORE, Plaintiff respectfully prays for Judgment:

1. Declaring Plaintiff's rights under State Farm Policy No. 082 4406-C20-26, and requiring Defendant to pay all UIM benefits due in accordance with the provisions of said Policy;

2. Requiring Defendant to pay an amount of money sufficient to make up for the harm Defendant has caused to Plaintiff, including pre-judgment interest and emotional distress;

3. Requiring Defendant to pay Plaintiff's attorney fees and costs to the full extent permitted by Montana law;

4.	Assessing punitive damages against Defendant sufficient in amount to punish State Farm for the harm it has caused to Plaintiff through its wrongful conduct and deter similar wrongful acts on the part of State Farm now and forever in the future; and,

5.	For interest and such other and further relief as the Court may deem appropriate under the circumstances.

DATED this 22nd day of November, 2022.

>	ODEGAARD MILLER LAW PC
>	*Attorneys for Plaintiff*
>
>
>	By:	/s/ Andrew J. Miller
>		Andrew J. Miller
>		550 North 31st Street, Suite 200
>		Billings, MT  59101