Randall J. Colbert
Luc L. Brodhead
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT 59807-7909
Phone (406) 523-2500
Fax (406) 523-2595
rjcolbert@garlington.com

Attorneys for State Farm Mutual Automobile Insurance Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| TINA LOPEZ, individually, and as Personal Representative of the Estate of Justin Lopez,<br><br>Plaintiff,<br><br>v.<br><br>State Farm Mutual Automobile Insurance Company,<br><br>Defendant. | Cause No. CV-22-120-BMM-JTJ<br><br>DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S ANSWER AND DEMAND FOR JURY TRIAL |

Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), by and through counsel of record, hereby gives its answer and defenses to

Plaintiff's Complaint and Jury Trial Demand ("Complaint") (Doc. 6), dated November 22, 2022.

## JURISDICTION AND VENUE

1.Answering Paragraph 1 of the Complaint, upon information and belief, State Farm admits the same.

2.Answering Paragraph 2 of the Complaint, upon information and belief, State Farm admits the same.

3.Answering Paragraph 3 of the Complaint, State Farm lacks sufficient information to form a belief as to the allegations therein and therefore denies the same.

4.Answering Paragraph 4 of the Complaint, State Farm admits the same.

5.Answering Paragraph 5 of the Complaint, State Farm admits the Court has personal and subject matter jurisdiction over this dispute because this is a civil action wherein the matter in controversy exceeds $75,000 and is between citizens of different states. State Farm admits that venue is proper.

## GENERAL ALLEGATIONS

6.Answering Paragraph 6 of the Complaint, State Farm admits that, effective March 20, 2020, it issued Policy No. 082 4406-C20-26 to Jeffrey Lopez and Tina Lopez as named insureds. State Farm admits that Policy No. 082 4406-C20-26 covered one vehicle (a 1991 Dodge Dakota) but denies that it covered two

vehicles. State Farm affirmatively alleges that, effective March 20, 2020, it issued Policy No. 082 4402-C20-26 to Jeffrey Lopez and Tina Lopez as named insureds, covering a 2002 Toyota Camry. State Farm admits that both policies referenced above (the "Policies") are motor vehicle liability policies providing insurance coverage, including underinsured motorist coverage ("UIM"). State Farm admits that the Polices, which speak for themselves, provide for certain circumstances where persons other than the named insured are covered but denies that phrase "covered persons" appears in the Policies. State Farm admits Exhibit 1 appears to contain true and correct portions of Policy No. 082 4406-C20-26 but denies that it is a complete copy.

7. Answering Paragraph 7 of the Complaint, State Farm admits that each of the two Policies referenced in Paragraph 6 above provide $25,000 "each person" and $50,000 "each accident" UIM coverage limits. State Farm admits that premiums for the Policies had been timely paid as of May 14, 2022. State Farm admits that the Policy's UIM coverage contains the policy language quoted in Paragraph 7, but State Farm denies that such language is a complete representation of the terms of UIM coverage. The remaining allegations are denied.

8. Answering Paragraph 8 of the Complaint, State Farm admits that Policy No. 082 4406-C20-26 was in effect on May 14, 2022. State Farm admits that Justin Lopez died at the accident location. State Farm lacks sufficient

information to form a belief as to the remaining allegations and therefore denies the same.

9. Answering Paragraph 9 of the Complaint, State Farm states that the first sentence calls for a conclusion of law to which no response is required. To the extent a response is required, State Farm lacks sufficient information to form a belief as to whether the driver who caused the accident was an underinsured driver within the meaning of Montana law and therefore denies the same. State Farm admits that, on around September 6, 2022, Tina Lopez, through counsel, requested payment of all available UIM benefits, including a payment of UIM benefits to her, individually, and a payment of UIM benefits to Justin Lopez's estate. State Farm admits the UIM benefits apply to Justin Lopez's estate. State Farm denies that the separate per person limits apply to Tina Lopez. The remaining allegations are denied.

10. Answering Paragraph 10 of the Complaint, State Farm admits that Tina Lopez requested payment of an aggregate sum of $100,000. State Farm admits that the Policies provided a stacked UIM limit of $100,000 for "each accident." State Farm admits that the October 14, 2022, demand alleged that there are two separate tort claims arising under Montana law that would trigger two separate "per person" limits under the UIM coverage. State Farm admits that such claims were alleged to be (1) a wrongful death and survivorship claim and (2) an

individual claim for Tina Lopez's emotional distress resulting from Justin Lopez's death. The remaining allegations are denied.

11. Answering Paragraph 11 of the Complaint, State Farm admits that, on October 26, 2022, it responded to Tina Lopez's October 14, 2022 demand for payment of an aggregate sum of $100,000 with an offer to pay UIM benefits in the amount of $50,000 reflecting the stackable per person UIM limits under the policies. The remaining allegations are denied.

12. Answering Paragraph 12 of the Complaint, State Farm denies the same.

## COUNT I – DECLARATORY RELIEF

13. Answering Paragraph 13 of the Complaint, State Farm reincorporates its responses to the preceding paragraphs as if fully set forth herein.

14. Answering Paragraph 14 of the Complaint, State Farm admits that the Complaint appears to seek declaratory relief with citation to Montana Code Annotated § 27-8-201 et. seq. The remaining allegations are denied.

15. Answering Paragraph 15 of the Complaint, State Farm denies the same.

## COUNT II – BREACH OF CONTRACT

16. Answering Paragraph 16 of the Complaint, State Farm reincorporates its responses to the preceding paragraphs as if fully set forth herein.

17. Answering Paragraph 17 of the Complaint, State Farm denies the same.

## COUNT III – UNFAIR TRADE PRACTICES

18. Answering Paragraph 18 of the Complaint, State Farm reincorporates its responses to the preceding paragraphs as if fully set forth herein.

19. Answering Paragraph 19 of the Complaint, State Farm states that the allegations therein state conclusions of law to which no response is required. To the extent a response is required, State Farm admits that the Policies and Montana law impose certain legal duties on State Farm and that it is required to pay policy benefits in accordance with the policy terms, conditions and applicable law. The remaining allegations are denied.

20. Answering Paragraph 20 of the Complaint, State Farm states that the allegations therein state conclusions of law to which no response is required. To the extent a response is required, State Farm admits that the Policies and Montana law impose certain legal duties on State Farm. The remaining allegations are denied.

21. Answering Paragraph 21 of the Complaint, State Farm denies the same.

22. Answering Paragraph 22 of the Complaint, State Farm denies the same.

23.     The remaining allegations are a prayer for relief for which no response is required.  To the extent a response is required, State Farm denies Plaintiff is entitled to the relief sought.

23.     Any allegations not specifically admitted above are denied.

## **AFFIRMATIVE DEFENSES**

At this time, State Farm is uncertain what affirmative defenses may apply to the allegations of the Complaint should this case goes to trial.  Discovery, trial preparation, and the facts of the case may make some of the affirmative defenses applicable and thus they are raised in this Answer to avoid being waived.  State Farm will dismiss any affirmative defenses that do not appear to be reasonably supported by the facts and/or law.  The purpose of raising these affirmative defenses is not to create defenses where none exist.  Instead, it is recognition that the pleadings, discovery, and trial preparation require an examination and evaluation of evolving facts and law.  The decision maker, whether a judge or jury, should have available for consideration all defenses that may apply.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against State Farm upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

State Farm had a reasonable basis in law and/or in fact for its handling of the claim at issue pursuant to Montana Code Annotated § 33-18-242(5).

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have waived or are estopped from claiming liability and damages as alleged, in whole or in part, as a result of their own actions or the actions of their representatives.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of the damages complained of by Plaintiffs were caused by factors, persons or entities other than State Farm and/or other superseding intervening causes.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have no right to recover attorney's fees under Montana law and the facts and circumstances presented here.

## SEVENTH AFFIRMATIVE DEFENSE.

Punitive damages are not allowed or appropriate in this case under the provisions of Montana Code Annotated § 27-1-221.  Furthermore, any award of punitive damages would violate the Fifth, Sixth and Eighth Amendments of the

Constitution of the United States of America, as well as Sections 4, 17, and 25 of Article II of the Constitution of the State of Montana.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are controlled or precluded by Montana Code Annotated § 33-18-242(1) and (3).

## NINTH AFFIRMATIVE DEFENSE

State Farm complied with its contractual obligations and Montana law and neither breached any contract terms nor any provisions of Montana law.

Plaintiffs' claimed damages were not caused by the acts or alleged omissions of State Farm.

## TENTH AFFIRMATIVE DEFENSE

Some of Plaintiffs' claims may be barred by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' alleged damages are the result of pre-existing conditions or subsequent damages, and the nature and extent of damages allegedly sustained were not actually or proximately caused by State Farm.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for declaratory judgment fails to the extent its allegations do not present a judiciable controversy based on a direct threat of injury.  *See, e.g.,*

*Northfield Ins. Co. v. Mont. Ass'n of Ctys*, 2000 MT 256, ¶¶ 14-15, 301 Mont. 472, 10 P.3d 813.

THIRTEENTH AFFIRMATIVE DEFENSE

State Farm reserves its right to amend its Answer and, if appropriate, add additional affirmative defenses.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiffs' Complaint, State Farm prays that Plaintiffs take nothing thereby, that State Farm be awarded its costs and, to the extent allowed by Montana law, its attorney fees, and for such further relief as to the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

State Farm requests a jury trial on all issues deemed triable hereto.

DATED this 29th day of December, 2022.

    /s/ Randall J. Colbert
Attorneys for State Farm Mutual Automobile Insurance Company